PER CURIAM.
We affirm the order denying Mr. MeGillis’ motion to intervene as a party in a termination and dependency proceeding as he does not fall within the parameters of section 39.01(39), Florida Statutes (1997). See also J.L. v. G.M., 687 So.2d 977 (Fla. 4th DCA 1997)(Fla.R. Juv. P. 8.210(a) limits parties in juvenile proceeding). We note that the trial court properly recognized Mr. MeGillis as a “participant,” granting him the right to receive notice and to be heard in the proceeding. § 39.01(38), Fla. Stat. (1997).
We dismiss as moot the separate appeal from the order terminating visitation, case no. 98-499, because the trial court has since reconsidered that ruling and accorded Mr. MeGillis supervised visitation. Although we do not consider the correctness of the order on appeal, at oral argument, counsel for the Department of Children and Family Services conceded that Mr. MeGillis should have been notified of the emergency hearing.
Accordingly, we affirm the order denying the motion to intervene; and we dismiss as moot case number 98-499.